# Minersville Borough *v.* Schuylkill Electric Railway Company, Appellants (No. 1).

*Street railway—Borough—Municipal consent to use of street—Conditional consent—Extension—Laches.*

Where a borough grants to a street railway company the right to the use of a street in the borough, but coupled with the express condition that the right shall be forfeited if the company does not within one year build a certain particularly described extension, the borough has a right to compel a removal of the tracks from the street if within one year the extension has not been constructed.

In such a case the borough cannot be convicted of laches by an indulgence as to time in commencing proceedings, where the delay leads to no change in the situation to the prejudice of the railway company.

Argued Feb. 16, 1903. Appeal, No. 85, Jan. T., 1902, by defendants, from decree of C. P. Schuylkill Co., Nov. T., 1900, No. 1, on bill in equity in case of Minersville Borough v. Schuylkill Electric Railway Company and Pottsville Union Traction Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction.

SHAY, P. J., found the facts to be as follows:

The People's Railway Company was incorporated under an act of the general assembly, approved April 4, 1865, P. L. 815, which provides, inter alia, as follows:

It gives to the People's Railway Company "the right to lay out and construct a railway, with one or more tracks, with turnouts and sidings, from and in the borough of Pottsville, to any point or points, in any direction, in the county of Schuylkill, not exceeding six miles in length, as the directors may select, and through any street or boroughs or roads, or by any routes they may deem advisable and to cross at grade, or connect with any other railway now constructed or that may be hereafter constructed, and to carry passengers or freight along such route or streets as may be used by said railway to equip said road. Provided, that the road constructed under the provisions of this act shall not be worked by steam; and provided, further, that it shall not cross at grade any of the tracks of the Philadelphia & Reading Railroad.

"That the company may commence and complete said railway at any time within three years from the passage of this act, the completion of any one mile thereof perpetuating all the rights hereby conferred.

"That the said company shall be subject to all provisions of any act regulating railroad companies, approved February 19, 1849, so far as the same are not altered or supplied by this act."

A supplement to this act was passed on April 28, 1871, P. L. 503, which provides, inter alia :

"That the time provided in the act of the general assembly of the commonwealth, approved April 4, 1865, entitled, 'An act to incorporate the People's Railway Company,' be and the same is hereby extended until the expiration of three years from and after this date.

"That it shall be lawful to use the dummy steam engines upon the railways of said company, and to cross at grade the track or railway of any other railway company."

A second supplement was approved March 14, 1873, P. L. 287, which provides that section 4 to the supplement to the act entitled "A supplement to an act, entitled 'An act to incorporate the People's Railway Company,'" approved April 4, 1865, be so amended as to allow to said company the use of any kind of locomotive engines upon the railways of said company, and that said company shall not be restricted to the use of the dummy steam engine as provided in said section to said supplement.

About 1872, or 1873 (the exact date does not appear from the evidence), the said company constructed its lines, which commenced in the borough of Mt. Carbon, and ran through Centre street, in the borough of Pottsville, out into Fishbach, a suburb of Pottsville. At Centre and Market streets, in Pottsville, the line branched off and ran out Market street to Twelfth street, down Twelfth street for several blocks and then turned off to a depot erected by said company. All this part of the line of the People's Railway was operated by horse cars. From the depot on Twelfth street the line continued on private right of way to the borough of Minersville and ran on South Delaware avenue, in said borough of Minersville, to the south side of Sunbury street, a distance of about 1,200 feet.

This part of the line was operated by locomotive and passenger cars. They also carried freight and coal over this part of the road.

The road was operated continuously, so far as appears from the evidence before us, by the People's Railway Company until about the year 1890, when the portion of the tracks lying east of their depot in the borough of Pottsville, the portion operated by horse power, was leased to the Schuylkill Electric Railway Company, was electrically installed, and electric cars run over that portion of the road.

On February 1, 1895, another agreement was entered into between the Schuylkill Electric Railway Company and the People's Railway Company, by which the former were granted the rights of running their cars over that portion of the road running from the depot in Pottsville to the south side of Sunbury street, in Minersville; or, in other words, that portion over which locomotives then ran. This line was electrically installed and electric cars started to run on March 10, 1895, and have run continuously since that date.

The People's Railway Company retain possession of the said line, repair the roadbed, make the schedules, and employ some of the station agents, as appears from the evidence, all under supervision of its own superintendent.

They also have agreement with the Lehigh Valley and the Philadelphia & Reading Railroad Company, by which these latter companies run trains over a portion of this road between the boroughs of Pottsville and Minersville.

On October 21, 1896, the borough of Minersville passed an ordinance granting the Schuylkill Electric Railway Company the right of way set forth in the bill, and all the conditions of this ordinance were accepted by the said company in writing. The road on Sunbury street, in the borough of Minersville, the right to lay which was granted by the above ordinance, was built prior to the passage of the ordinance, but cars were not run on Sunbury street until after the passage thereof.

The Schuylkill Electric Railway Company entered into an agreement with the Philadelphia Construction Company on December 29, 1894, for the construction of branches, furnishing of rails, erection of a power house, etc., among which were the branches enumerated in the above ordinance.

Ties and rails were distributed along part of the route into the Heckschersville valley, but were afterwards removed, the date of which does not appear.

The defendants in their answer admit that they failed to carry out the provisions of the above ordinance by building the road into the Heckschersville valley, but aver that they contracted with the Philadelphia Construction Company for the construction of the same, but said company became insolvent, and the rails and ties above referred to were sold under execution and carried away, and they allege in the answer that after that the Schuylkill Electric Railway Company could not get the necessary rights of way.

In the evidence of Hon. R. H. Koch, who was then president of the Schuylkill Electric Railway Company, he gives as their reasons for their failure to carry out this condition of the ordinance, the want of funds. We cannot find as a fact that either of these reasons was the cause of the failure to construct the Heckschersville branch.

Judge Koch, in his testimony, admits that he knew at the time he obtained the passage of this ordinance from the borough of Minersville that numerous judgments were entered against the construction company, and that was his reason for asking for one year's time to complete the road.

From the evidence of both Koch and King, it does not appear to us that such efforts were used as would justify us in concluding the necessary rights of way could not be procured.

The next step in point of time was the lease entered into between the Schuylkill Electric Railway Company, and the Pottsville Union Traction Company, dated August 6, 1899, whereby the railway company leased to the traction company all its lines and franchises.

It is admitted in defendants' answer that this lease was without the consent of the complainant or its local authorities.

It is further shown by the evidence that the schedule of running cars every forty-five minutes, as set forth in the ordinance, was not carried out continuously during the day, but that, at one period in the morning and one in the afternoon a longer time elapsed between the running of cars, and also that on two of the trips the cars only ran to the depot on South Delaware avenue, instead of to the end of Sunbury street, as the conditions of the ordinance provide.

The bill of plaintiff was filed on September 3, 1900.

Between the passage of the ordinance and the filing of the bill numerous resolutions were passed by council of the borough of Minersville, among which the following are in evidence:

Resolution March 5, 1898: Schuylkill Electric Railway Company be notified to pave at Delaware avenue and Sunbury street according to the ordinance.

July 7, 1898: Railway committee were instructed to meet Schuylkill Electric Railway Company and ask for the privilege of taking up the stone along the track on Sunbury street for use at other places in the borough; and if the privilege is granted if the Schuylkill Electric Railway Company will fix up the street where the stone were taken from, and keep that portion of the street in repair.

August 4, 1898: Chairman Shindel, of the Schuylkill Electric Railway committee, reported some action soon to be taken by the Schuylkill Electric Railway Company regarding the stone along the car tracks on Sunbury street.

September 1, 1898: Electric railway committee reported that the council were at liberty to take up the stones on Sunbury street, but the borough must fix up the holes and hereafter keep the eighteen inches of the street in repair. They also reported that the Schuylkill Electric Railway Company will put the street in good repair at Rothermel's Hotel.

May 4, 1899: Chief burgess be instructed to notify electric railway company to have defects in road and crossings fixed, giving them limited time to do it, and if not complied with, have street committee do it, and charge company for same.

June 29, 1899: Chief burgess notify electric railway company to fix rut on Eàst Sunbury street; also crossing from Pottsville and Sunbury streets, and that they will be held responsible for any damages that may occur through neglect to comply.

July 2, 1900: Motion that solicitor be instructed to proceed at once by all legal measures to compel electric railway company to carry out their contract or stop them from coming into town at all.

July 18, 1900: Solicitor was instructed to proceed against company.

August 2, 1900: Whereas, the Schuylkill Electric Railway

Company has failed to carry out the conditions of an ordinance or contract made with the borough of Minersville October 21, 1896, etc.

Resolved, that the borough of Minersville, by their council, hereby again declare the rights, privileges and franchises granted under said agreement or ordinance null and void.

From the resolutions of council above set forth, and from the evidence before us, we find that the council from time to time endeavored to have the railway company keep the streets along the line of its tracks in good condition, and also that they made attempt to have this company carry out its agreements, and that finally they instructed their solicitor to bring suit.

Upon the facts as found above the court entered a decree declaring the defendant's right to use the street was forfeited, and that the company should be enjoined from running its cars upon the street, and should be compelled to remove its tracks, and restore the street to its original condition.

*Error assigned* was the decree of the court.

*Guy E. Farquhar* and *R. H. Koch,* for appellants.—The rights of the public in general are superior to those of the council of a borough, and they cannot be taken away in this proceeding: Heilman v. Lebanon, etc., Ry. Co., 175 Pa. 188; Heilman v. Lebanon, etc., Ry. Co., 180 Pa. 627; Becker v. Lebanon, etc., Ry. Co., 188 Pa. 484; Mackintyre v. Jones, 9 Pa. Superior Ct. 543; Mine Hill, etc., R. R. Co. v. Lippincott, 16 Pa. Superior Ct. 468.

Acquiescence in acts inconsistent with a clause of forfeiture dispenses with the right to claim forfeiture. Forfeiture is not a favorite of the law. It is odious in the law: Stafford v. Walker, 12 S. & R. 190; Lauman v. Young, 31 Pa. 306; Funk v. Haldeman, 53 Pa. 229; Oil Creek R. R. Co. v. Atlantic, etc., R. R. Co., 57 Pa. 65; Helme v. Phila. Life Ins. Co., 61 Pa. 107; Duffield v. Hue, 129 Pa. 94; Hoch v. Bass, 133 Pa. 328; Earley v. Mut. Life Ins. Co., 178 Pa. 631; Murphy v. Marshell, 179 Pa. 516.

The borough is guilty of laches, and is not entitled to relief: Com. v. B. & B. M. Turnpike Co., 153 Pa. 47; Com. v. N. Y.,

L. E. & W. Coal & R. R. Co., 10 Pa. C. C. Rep. 129; Wolf v. Penna. R. R. Co., 195 Pa. 91; South Side Pass. Ry. Co. v. Second Ave. Pass. Ry. Co., 191 Pa. 492.

*David A. Jones* and *C. N. Brumm*, for appellee.—The local authorities had the undoubted right to impose the conditions of this ordinance and contract: Plymouth Twp. v. Chestnut Hill & Norristown Ry. Co., 168 Pa. 181; City of McKeesport v. Citizens' Pass. Ry. Co., 2 Pa. Superior Ct. 249; Athens, Sayre & Waverly Elec. St. Ry. Co. v. Sayre Borough, 156 Pa. 23; Lehigh Coal & Nav. Co. v. Inter-county St. Ry. Co., 167 Pa. 126; Allegheny v. Millville, Etna & Sharpsburg St. Ry. Co., 159 Pa. 411.

Mere laches of a party, unaccompanied by circumstances amounting to an estoppel, constitute no defense, unless the right itself is barred or lost by limitation: Menendez v. Holt, 128 U. S. 514 (9 Sup. Ct. Repr. 143); Galway v. Metropolitan Elec. Ry. Co., 128 N. Y. 132 (28 N. E. Repr. 479).

In the case of a municipal corporation an implied waiver of the terms of a contract will not be favored: Hartupee v. City of Pittsburg, 97 Pa. 107.

OPINION BY MR. JUSTICE FELL, April 20, 1903:

The right of the Schuylkill Electric Railway Company or its successor, the Pottsville Union Traction Company, to occupy Sunbury street in the borough of Minersville rests entirely upon the ordinance of October 21, 1896. The grant of this right to the Schuylkill Electric Railway Company was on the condition that within one year the company should construct and operate a railway from Sunbury street through Heckschersville valley to Glen Carbon. The ordinance contained the following provisions: " The right above granted to the said company to construct and lay a track on Sunbury street or maintain the same where already constructed shall be forfeited by said company and its successors unless a track is constructed, maintained and operated into and along Heckschersville valley to Scott's store, in Glen Carbon, within one year of the acceptance of this ordinance by the Schuylkill Electric Railway Company; " " All rights and franchises heretofore and hereby granted on any of the streets of said borough to said railway company shall be

void unless the said company shall construct, maintain and operate a railway on Sunbury street and a branch into Heckschersville valley to Glen Carbon under the rights and franchises granted by the said borough."

The condition imposed by the ordinance was a reasonable one. The inhabitants of Minersville, many of whom were employed in mining operations in the Heckschersville valley, were interested in the extension of the branch road which had been projected by the railway company. This condition was expressly accepted by the railway company, and it became a contract between the parties by which the right to occupy the street was regulated, and it was binding upon the defendants. The power of the borough to give or refuse consent to the occupation of its streets was unqualified, and the power to impose reasonable conditions was necessarily implied: Allegheny City v. Millville, etc., Street Railway Co., 159 Pa. 411; Plymouth Township v. Chestnut Hill, etc., Railway Co., 168 Pa. 181. Ties and rails for the proposed extension of the branch road were distributed along the route before the passage of the ordinance. These were removed after the ordinance granting permission to occupy the street had been passed. The court found that the work was abandoned by the railway company, and that it made no reasonable effort to complete the road. This finding appears to be fully sustained by the testimony, and it established as a fact the failure of the company without adequate reason to perform a condition on which the grant was made.

There was nothing in the conduct of the borough to give rise to an estoppel. Its officers notified the railway companies that they would insist upon the building of the branch road, and the delay in commencing proceedings against them was indulgence only which led to no change in the situation to their prejudice. As this conclusion fully sustains the decree entered, it is unnecessary to consider the other grounds upon which it is based. The decree is affirmed at the cost of the appellants, with leave to the court of common pleas to fix such a time for the removal of the tracks of the railway company and the restoration of the street to the condition it was in before they were laid as under the circumstances may be deemed reasonable and just.