## Conshohocken Borough *v.* Conshohocken Railway Company.

206      75
35 SC ²536
f 35 SC 542

*Street railways—Lease—Municipal consent—Traction company.*

Where a street railway company which has municipal consent to the use of streets, leases its road to a traction company, the latter company succeeds to the right of the street railway company to the use of the streets

*Street railways—Municipal consent—Condition—Guard wires.*

Where a borough in granting to a street railway company the right to use streets, requires the company to use guard wires over the trolley wire, and the borough delays for a long time to enforce this condition, and then files a bill to restrain the operation of cars, but the real purpose of the bill is not to compel the erection of guard wires, the court will dismiss the bill, if within a reasonable time the company puts up the wires.

Argued Feb. 2, 1903. Appeal, No. 264, Jan. T., 1902, by plaintiff, from decree of C. P. Montgomery Co., Oct. T., 1901, No. 3, dismissing bill in equity in case of Conshohocken Borough v. Conshohocken Railway Company, the Schuylkill Valley Traction Company, and the Roxborough, Chestnut Hill and Norristown Railway Company. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction. Before SWARTZ, P. J.

The route of the defendant companies can best be understood by the plan on the following page.

SWARTZ, P. J., filed the following opinion:

The borough of Conshohocken contends that the defendant companies cannot legally operate any cars within the borough limits until guard wires are put up as provided in the borough ordinance of January 10, 1894.

And the borough further contends that the Roxborough, Chestnut Hill and Norristown Railway operates its cars upon the streets of the borough without having first obtained the municipal consent to do so, and that such operation without consent is unlawful.

### FINDINGS OF FACTS.

1. The Conshohocken Railway Company, one of the defendants, was incorporated under the Act of May 14, 1889, P. L.

211, to construct and operate a street passenger railway from Conshohocken and over township roads in Plymouth township to the borough of Norristown.

2. The Conshohocken Company obtained the consent of the municipal and township authorities, constructed its roadway and operated its cars in the borough of Conshohocken and township of Plymouth. The ordinance of the borough of Consho-

hocken granting the consent provided that the fare for a continuous ride within the borough limits should not be more than five cents. The ordinance further provided " that two guard wires be placed above said trolley wires to protect the same from other falling wires."

3. The Schuylkill Valley Traction Company was incorporated under the Act of Assembly of March 22, 1887, P. L. 8. This company leased the line of the Conshohocken Railway. It also leased other lines, and is operating a general system of passenger railways extending through Norristown, Bridgeport and Collegeville.                                                    o

4. The Conshohocken Company constructed its line on Fayette street from the borough limits on the east to Marble street on the west. It also laid its tracks from Fayette street southward on Hector street to Walnut street. Hector street is two squares east of Marble street. In addition to this construction within the borough of Conshohocken a continuous line was built in Plymouth township from the borough limits, eastward to Harmanville, and thence northward to Norristown.

5. The Roxborough, Chestnut Hill and Norristown Company constructed a continuous line from Chestnut Hill to Norristown, passing through the village of Plymouth Meeting. This company also built an extension from Plymouth Meeting to Harmanville, thereby connecting with the Conshohocken Railway. By this connection the borough of Conshohocken has a continuous railway line to Chestnut Hill, as well as to Norristown, the two routes diverging at Harmanville.

6. An agreement was made between the Roxborough, Chestnut Hill and Norristown Company and the Schuylkill Valley Traction Company, whereby the former was to supply cars and men to run from Plymouth Meeting to Conshohocken. This contract provided, " While said cars are upon the tracks of the Schuylkill Valley Traction Company beyond Harmanville, and in return thereto, they shall in all respects be subject to the management of the traction company and the men subject to its rules and discipline."

The receipts on these cars were to be applied to the payment of the motormen and conductors on the cars and to the payment of one half the interest charges on the original cost of constructing the extension from Plymouth Meeting to Harman-

ville, and the balance was then to be equally divided between the two parties to the contract.

7. Under the agreement just cited the cars of the Roxborough, Chestnut Hill and Norristown Company run over and upon the tracks of the Conshohocken Railway, from Harmanville to Marble street, in Conshohocken, that is, they run the whole length of Fayette street, but do not go up and down Hector street, nor do they run to Norristown. They run direct to Plymouth Meeting. The traction company still runs its cars from Walnut and Hector streets to Norristown, but runs no cars from Marble street to Hector street on Fayette, except so far as the Roxborough cars are under its control and management. On cars running to Norristown the fare is five cents, or six tickets are sold for twenty-five cents. On the cars running to Plymouth Meeting there is a straight five-cent fare. No tickets are sold or accepted. Any car will take a passenger over its entire route within the borough limits for a single fare of five cents. In fact, one fare will carry the passenger from the foot of Fayette street to Plymouth Meeting or from Hector and Walnut streets to the Pennsylvania Railroad beyond Harmanville. A person desiring to go to Norristown from the corner of Fayette and Marble streets can take a car at that point, ride to Harmanville, change cars, and pay an extra fare to the Pennsylvania Railroad, or by walking the distance of two squares he can take a car at Hector street and ride to the Pennsylvania Railroad for a single fare.

8. The Roxborough, Chestnut Hill and Norristown Railway has no muncipal consent from the borough of Conshohocken to construct or operate a street railway within the borough limits. The same is true of the Schuylkill Valley Traction Company, except so far as the consent to the Conshohocken Railway Company inures to its lessee.

9. The Conshohocken Railway Company ratified the agreement made between the Schuylkill Valley Traction Company, and the Roxborough Company, recited in finding number 6.

10. Neither the Conshohocken Railway Company nor its lessee, the Schuylkill Valley Traction Company, put up guard wires as stipulated in the borough ordinance of January 10, 1894. These defendants express their willingness to put such guard wires in place. The plaintiff was not solicitous about these

wires.   The road was in operation for some years and no formal demand was made upon the defendants prior to the present controversy and the filing of this bill.

### CONCLUSIONS OF LAW.

1. Guard wires must be put in place as provided by the ordinance of January 10, 1894.   A reasonable time for their erection must be given.   Unless they are put in place within forty-five days from this date the plaintiff is entitled to an injunction restraining the operations of the defendants.

2. The Schuylkill Valley Traction Company did not enter upon any streets or highways in the borough of Conshohocken for the purpose of constructing a street railway.   It is the lessee of the Conshohocken Railway and operates, as a part of its system, the road constructed by the Conshohocken Company. As the lessee of the latter company it may operate the railway without any independent municipal consent.   The ordinance of January 10, 1894, contains the municipal consent for all that was done by the Conshohocken Company and its lessee.

3. The Roxborough, Chestnut Hill and Norristown Railway Company did not construct a street passenger railway in Conshohocken, nor is the company operating a railway within the borough limits.

4. The Conshohocken Company, by its lessee, is using every portion of the tracks located within the borough and the right to use such tracks is not forfeited by any abandonment; the company has fully complied with the ordinance giving the municipal consent except as to the erection of guard wires.

5. The bill must be dismissed if the defendants will put in place the guard wires within the time above specified, otherwise an injunction will be awarded.

### REASONS IN SUPPORT OF OUR FINDINGS AND CONCLUSIONS.

That the failure to put up guard wires was not a matter of serious moment to the town council is evidenced by the long delay without any action on the part of the council to enforce this part of the ordinance giving the consent to the Conshohocken Company.   The testimony of Mr. Murphy, a member of town council, indicates that the bill in equity was not filed to compel the construction of the guard wires.   We think,

therefore, that a reasonable time should be allowed to put up these wires before an injunction is awarded.

The extension down Hector street to Walnut was built by the Conshohocken Railway and not by the Schuylkill Valley Traction Company. The allegation in the sixth paragraph of the plaintiff's bill to the contrary, is not sustained by any evidence.

That the Conshohocken Railway had the power to lease its road to the Schuylkill Valley Traction Company, is clearly established : Pinkerton v. Penna. Traction Co., 193 Pa. 229. When the borough of Conshohocken gave its consent to the Conshohocken Railway, the latter received the privilege to build and operate a passenger railway in Conshohocken and to exercise all the rights and powers of a street railway. The borough could not abridge these powers without the consent of the railway company. One of these powers was the right to lease its road to a traction company. The borough may not destroy this leasing power by demanding a new contract from the lessee. When the traction company leased the Conshohocken road, it succeeded to all the rights the latter held against the borough.

It is claimed that the Schuylkill Valley Traction Company's lease with the Conshohocken Company is not valid because the lines of the latter company are not confined to streets, but occupy township roads, that traction companies may not lease passenger railway companies whose lines are on township roads : Act of May 15, 1895, P. L. 63. It is provided, however, by another act of assembly passed the same day, P. L. 1895, page 65, that a traction company controlling other lines may operate as a general system so much of said different lines as occupy streets. Whatever the rights of the Schuylkill Valley Company may be on the public roads in Plymouth township, we think it is clear that the company under its lease with the Conshohocken Company may operate the Conshohocken lines so far as they are within the borough limits.

The Roxborough, Chestnut Hill and Norristown Company under its agreement with the Schuylkill Valley Traction Company is not operating its cars within the borough of Conshohocken. The undisputed evidence is that the cars are under the control and management of the traction company, and they run on the traction company's line. The name of the car is

immaterial so long as the fact remains that it is operated by the traction company. The traffic arrangement does not prove that the Roxborough Company operates a road in Conshohocken borough. A Reading Railway car may be carried over the lines of the Pennsylvania Railroad, but in such passage it is not operated by the Reading Company.

And now, December 23, 1901, the bill will be dismissed if the Conshohocken Railway or its lessee will within forty-five days from the notice of the filing of this opinion, erect the guard wires provided for in the ordinance of January 10, 1894, otherwise an injunction will be awarded as prayed for in the first prayer of the bill.

The company constructed the guards within the time specified, and thereafter the court entered a decree dismissing the bill.

*Error assigned* was the decree of the court.

*William F. Meyers*, for appellant.—As the traction company did not obtain municipal consent for its operation of the Conshohocken Railway, it cannot legalize the running of the Roxborough cars within the borough: Reeves v. Phila. Traction Co., 152 Pa. 153; Potter v. Scranton Traction Co., 176 Pa. 271.

Part of the road of the Conshohocken Company being on township roads, the traction company has no power to take a lease thereof, nor has the other company the power to grant such a lease.

The connecting link from Plymouth Meeting to Harmanville has been constructed illegally by the Roxborough, the Conshohocken having the legally adopted extension of route: Hannum v. Media, etc., Electric Ry. Co., 200 Pa. 44; Baily v. Fayette Gas-Fuel Co., 193 Pa. 175.

*N. H. Larzelere*, with him *H. M. Brownback*, for appellees.

PER CURIAM, May 11, 1903:

This decree is affirmed on the opinion of the learned judge below.