Opinion by
Henderson, J.,
The defendant derives its right to occupy certain streets in the borough of Spring City from an ordinance adopted January 9, 1899. The second section of the ordinance authorizes the company to construct a single track on Bridge street from *538 the Schuylkill river to Main street, thence on Main street to Walnut street, thence on Walnut street to the south borough line on the Phoenixville road. In the eleventh section it is stipulated that the franchises and privileges granted shall be exercised and the construction of the railway fully completed and in operation within one year from the approval of the ordinance. The same section contains the further provision that on failure to complete and fully operate said road within the time specified all the franchises and privileges granted shall be null and void and the borough is authorized to tear up the track and recover the cost of so doing on a bond to be given by the company in the sum of $2,500, conditioned that it complete and fully operate its road within the borough limits in one year from the approval of the ordinance. It was the original plan of the company under its charter to construct its road from Phoenixville, Chester county, to Pottstown, Montgomery county, but an application was made by the defendant to the council of the borough of Spring City to consent to the abandonment of that part of the line extending from Pottstown to the south bank of the Schuylkill river, which consent was granted on June 5, 1899. It is admitted that that part of the road from the south side of the Schuylkill river on Bridge street to the railroad switch of the Schuylkill division of the Pennsylvania Railroad, across Main street, in said borough, has never been constructed. The power of the borough to grant or withhold permission to the defendant to use the borough streets was unqualified and this implies the right to impose reasonable conditions of such use: Allegheny City v. Railway Co., 159 Pa. 411; Plymouth Township v. Chestnut Hill, etc., Railway Co., 168 Pa. 181; Minersville Borough v. Railway Co., 205 Pa. 394. The condition of the ordinance, which admitted the defendant into the borough, was not unreasonable. When granting the right to the company to occupy the desired streets, with its tracks, it was not an improper condition to impose that the road be built as proposed and within a limited time. This condition was accepted by the company, and became a part of its contract with the borough, according to which the company was to be controlled *539 in the occupancy of the streets. It was, therefore, a binding obligation on the defendant. The ordinance was an entirety which the company was at liberty to accept or refuse. By its terms the privilege to occupy the streets was granted on condition that the road be fully completed within a year. . This was a condition precedent to the permanent exercise of the franchise.
The defendant resists the enforcement of the ordinance for the breach of the condition recited on three grounds: first, the impossibility of constructing, maintaining and operating its road over that part of the line not built; second, because the borough has waived performance of the original condition; third, because the real purpose of the bill is not to enforce the condition of the ordinance but to compel the company to pave the portion of the street occupied by its track. There was no request to the trial judge for findings of fact supporting these positions and the findings made are expressly or impliedly against them. The uncompleted part of the road is about 1,500 feet long. The ground over which it Was to be laid is substantially level. The only reason suggested why the track might not be extended is that there are four spurs extending across the street from the Pennsylvania Railroad to the glass works there situated and to a woolen mill. There is no evidence showing to what extent these spurs are used, nor whether their presence would in any material degree interfere with the operation of a street car line. As to one of them, the switch leading to the glass works property, it is claimed by the appellee that it is there without municipal consent, but whether this is so or not there is an entire failure to prove that it is so used or likely to be so used as to interfere with the maintenance of the street car line. The proposed objective of the line is the Pennsylvania Railroad station which is within fifty or sixty feet of the borough line. In building to that point no track of the railroad company would be crossed except the switches referred to. It is true that when, some years ago, the defendant was about to lay its track across the switch to the glass works a bill in equity was filed by the railroad company to restrain such action and that an ex parte injunction *540 was granted, but the president of the traction company admits that no effort was made by the company to secure the right to cross or to prosecute the work of completing the track to the Pennsylvania station, and it is evident from the testimony that it did not intend so to do. The objection that the defendant would be required to lay i^s track across the main line of the Pennsylvania Railroad is not a good one. As we understand the position of the complainant it is not insisting that this be done, for although the franchise calls for the construction of the track to the borough line its completion to the railroad station would be such a compliance as would be apparently satisfactory to the borough. There would be much merit in the position that the extension of it a few feet further to the borough limits, across the main line of the railroad, would be useless and impracticable, and that the completion .to the railroad station would be a substantial performance. The condition of the street as to the location of the railroad switches remains the same as when the • ordinance was accepted. The defendant’s undertaking necessarily involved the crossing of these switches in the extension of its line northwardly into Montgomery county. The difficulty of construction was evidently not considered impracticable at that time and nothing is proved to have intervened to change the situation. If we concede that as to an unperformed condition precedent any difficulty or impossibility would relieve from the obligation of the contract it has not been made to appear that any such situation exists in this case. Our attention is called by the appellant to Millcreek Township v. Erie Rapid Transit Street Railway, 216 Pa. 132, in support of its position, but the decision there was based on an entirely different state of facts. The railway company was rightfully in occupancy of the highway. It had performed all the conditions imposed upon it in order to entitle it to the exercise of its charter powers. The provision that it should at some future time, if so required by the township authorities, move its track to the middle of the street was in no sense a condition precedent. The contingency might never arise and in fact did not arise for several years after the road was in operation. And even then, the obligation to *541 change the location of the track when demanded by the township was recognized by the court. The inability of the company to obtain the consent of the landowners on the opposite side of the street at the time, only postponed the operation of the decree of the court. In the appellant’s case consent was only to be had on completion of the road within a year and there is no evidence of impossibility or hardship which, under any circumstances, would amount to an excuse. Minersville Boro. v. Railway Co., 205 Pa. 394, and Keystone State T. & T. Co. v. Ridley Park Borough, 28 Pa. Superior Ct. 635, are authorities in point and sustain the position of the appellees.
The question here is not one of forfeiture, but of consent.' The privilege contemplated was not simply to enter upon the streets for the purpose of constructing a road, but to actually construct it and put it in operation within a limited time. If the company did not substantially perform the condition so imposed such omission terminated the franchise. By the very terms of the ordinance all the privileges thereby granted were to become null and void if the company failed to complete and fully operate its road within the time specified. The court below found that the borough had not done anything to release or relieve the company from the completion and operation of its line over this part of the borough. It did nothing. Mere indulgence and delay in instituting proceedings do not amount to laches where there is no change in the situation prejudicial to the company: Minersville Boro. v. Railway Co., 205 Pa. 394; Menendez v. Holt, 128 U. S. 514; Galway v. Metropolitan Elevated Ry. Co., 128 N. Y. 132. After a careful examination of the evidence we do not find anything to show that the situation of the defendant was made worse by the omission of the plaintiff to proceed more promptly, nor do we find merit in the allegation that this proceeding was instituted for the purpose of compelling the defendant to pave its track in accordance with the requirements, of the ordinance giving it permission to construct its road. There was, indeed, the evidence of the borough solicitor and one of the members of the council that this was one of the objects in view, but each of them testified that it was also-the desire that the track be *542 completed, to the railroad station. It may well be doubted whether the opinions so expressed were competent evidence to affect the plaintiff, but whether that be so or not the president and one of the other officers of the defendant company say that the company is willing and ready to contribute to the cost of the paving. The only question between the borough and the railway company on the subject of paving seems to have been the time of payment by the railway of its share of the cost. It had not the money to pay at once and desired to give the bonds of another company as security. These the borough was not willing to accept because of their alleged lack of value. And even if the motive were as attributed by the appellant the decree entered by the court below is justified by Conshohocken Boro. v. Conshohocken Railway Co., 206 Pa. 75. The appellant entered into a contract to carry out an undertaldng in the borough on certain conditions. It asks to be permitted to exercise such part of the franchise granted as is deemed advantageous to itself and seeks to be relieved from a part of its undertaking presumably not considered profitable. This it has no right to do. No' sufficient reason is shown why it should not be required to perform its contracts as are other corporations and individuals. To permit it to elect what part of its obligations it will perform and what part it will refuse to perform, will, in effect, write a contract between the parties which one of them never assented to. We concur in the conclusions of the court below.
The decree is affirmed.