Christian, J.
delivered the opinion of the court.
This is a supersedeas to a judgment of the Circuit court of Augusta. It was an action of debt upon a bond in the following words:
“One year after date we, or either of us, promise to pay to M. G. Harman, or assignees, the sum of five thousand five hundred dollars, with interest from date, for value received. Given under our hands and seals this 1st day of January 1860.
“(Signed.) “Wm. H. Peyton, (Seal.)
“T. P. Peyton, (Seal.)”
On the back of this bond was the following endorsement:
“ It is understood that one twenty-fifth of the principal of this note, and the interest at the expiration of the year, and so on from year to year, the credits not exceeding twenty-five years in all.
“January 1st, 1860. (Signed) M. G. Harman.”
The plaintiff, in his declaration, described the instrument according to its face making proferí of the bond, and declaring on the bond without any reference to the-endorsement. The defendant craved oyer of the bond and -endorsement thereon, and demurred to the declara•tion. The demurrer was overruled, and thereupon the defendant filed a general plea of non est factum, upon which issue was joined, and tendered certain special pleas, which were rejected by the court. A verdict was found for the plaintiff for the whole amount of the bond; upon which judgment was entered. A supersedeas to that judgment brings up the caseto this court.
The first question—and in our view of the case, the *645 only question—necessary to be considered is, whether the Circuit court was in error in overruling the demurrer to the plaintiff’s declaration?
It is too well settled by the decisions of this court, to admit of doubt or discussion, that a writing endorsed on .a bond at the time of its execution, operating in favor of the obligor and signed by the obligee, is to be considered as part of the condition of the bond. Gordon v. Frazier, 2 Wash. 130; Smith v. Spiller's ex'or, 10 Gratt. 318, and cases there cited.
The endorsement under consideration bears date the same day with the bond, and must be read as a part of the obligation, operating with the bond as fixing the contract of the parties: provided, the endorsement is in-' telligible and operative without (upon the demurrer) the aid of evidence dehors the instrument
It is insisted by the learned counsel for the appellee, that the words endorsed upon the bond are unintelligible; that the writing is incurably uncertain, and therefore inoperative, and must be wholly ignored.
It is true, if the contract which the parties have made is incurably uncertain, the law will not—or rather, cannot—enforce it. It will only declare such a contract no contract at all, and the parties are then left to the mutual rights and obligations which may then exist between them.
But on the other hand, the law will not pronounce a contract incurably uncertain, and therefore null, because of the omission of words obviously omitted by mistake, and which, if supplied, will make the contract intelligible and operative. 2 Parsons on Contracts, 73, 75. ■Courts of law, as well as courts of equity, may correct •an obvious mistake on the face of an instrument, and supply words which have been omitted by the parties, and which are manifestly necessary to express their •obvious meaning. Benjamin on Sales, 38 ; 2 Parsons on Contracts, 75 ; 2 Lomax Digest, 255 ; 16 Gratt. 311 ; *646 Wilson v. Wilson, 5 House of Lords Cases, 40 ; Lord Say and Seale’s case, 10 Mod. R. 40 ; Douglass R. 384.
I think the result of all the authorities is, that an agreement is not to be considered unintelligible because of some error, omission or mistake in drawing it up, if the real nature of the mistake is apparent, and can be. corrected so as to make the bargain intelligible. In other words, whenever it is obvious on the face of the paper that a word or phrase has been omitted by mistake or inadvertence, and such words are obviously and naturally suggested, upon the mere inspection of the paper, as the words which the parties must have intended to use to express their meaning, such words, or words of like import, may be supplied.
Let us apply these principles to the endorsement under consideration. It is in these words; “ It is understood that one twenty-fifth of the principal of this note and the interest at the expiration of the year, and so on from, year to year; the credits not to exceed twenty-five years in all.” It must be conceded that this deliberate act of the obligee, in writing this endorsement upon the bond at the same time when it was executed by the obligors., must have some meaning. According to the principles above stated, it will not be rejected as null and void,, simply because it is unintelligible by the mere omission of an obvious word or phrase which, when supplied, makes the instrument plain, sensible and operative. The principle that all deeds and contracts in .writing shall be construed favorably and as near the apparent intention of the parties as possible, has become a maxim of the law of the highest antiquity, ut res magis valeat quam pereat.
It is apparent from the endorsement that there was an omission of some word or words necessary to express intelligibly the meaning of the parties, and it is clear by its inspection what that omission was. Obviously the words “ are to be paid,” or wordsj^of like import, were *647 the words omitted after the word “interest.” These words, or words of like import, are naturally and necessarily suggested from the other words used, and if supplied, they give a reasonable and sensible meaning fairly deducible from the whole instrument. With these words supplied, the endorsement would then read: “It is understood that one twenty-fifth of the principle of this note and the interest [are to be paid] at the expiration of the year, and so on from year to year, the credits not to exceed twenty-five years in all.”
The omission being supplied, the construction of the contract as to its meaning and legal effect is plain. While the face of the bond provided for the payment of the sum of money therein named, one year from its date, the endorsement divided that sum into twenty-five annual instalments, one of which, with the interest on the principal left, was to be paid at the end of each year until the entire debt was discharged.
By this endorsement it is plain that the contract of the defendants was changed from an obligation to pay the whole amount named, one year after the date of the bond, to an obligation to pay the same amount in twenty-five annual instalments. This was the true agreement of the parties—a very different obligation from the one sued upon. There was, therefore, a variance between the obligation described in the declaration and that shown by the bond and endorsement set out on oyer, and for that variance the demurrer should have been sustained. It should have also been sustained upon the further ground that the contract, as evidenced by the bond and endorsement set out on oyer, was not an obligation on which the action of debt could be maintained. The obligation is to pay a sum of money in twenty-five annual instalments, upon which debt will not lie until the whole amount becomes payable. The proper remedy would be an action of covenant for the recovery of the instalments as they fall due.
*648 "We are of opinion that the judgment of the Circuit court of Augusta should be reversed.
The judgment was as follows :
The court is of opinion, for reasons stated in writing and filed with the record, that the Circuit court erred in overruling the defendant’s demurrer to the plaintiff’s declaration. Thei’efore, it is considered that the judgment overruling said demurrer be reversed and annulled, and that the defendants do pay to the plaintiff his costs by him expended in the prosecution of his writ of supersedeas aforesaid here ; and this court proceeding to pronounce such judgment as the said Circuit court ought to have rendered—It is further considered, that the plaintiff’s declaration is not sufficient in law for him to have and maintain his action against the defendants, and that the judgment of the said Circuit court, overruling said demurrer, and all subsequent proceedings, including the verdict and judgment thereon, be set aside and annulled; and that the plaintiff in error recover against the defendants in error his costs by him, about his defence in the said Circuit court expended. Which is ordered to be certified to the said Circuit court of Augusta county.