## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### CARTER V. NOLAND.

#### JANUARY 9th, 1890.

1. BONDS—*Indorsement—Defense.*—To make a subsequent agreement respect-
ing a bond, a part thereof, it must be so engrafted on the bond that the
original and the engrafted matter shall constitute inseparable parts of
an entire instrument. Otherwise, the indorsement must be pleaded as
matter of defense.

2. IDEM—*Variance—Demurrer—Case at bar.*—In case here, the indorsement
was not so engrafted as to become part of the bond declared on, and to
make the declaration, which did not mention the indorsement, demur-
rable for variance.

Error to judgment of circuit court of Loudoun county ren-
dered April 30, 1888, in an action of debt on a bond with an
indorsement, wherein B. F. Carter is plaintiff and B. P.
Noland was defendant. The court sustained a demurrer to
the declaration and gave judgment for the defendant, and
plaintiff brought the case here on writ of error. Opinion
states the case.

*S. Ferguson Beach,* for the plaintiff in error.

*Holmes Conrad* and *Brooke & Scott,* for the defendant in error.

HINTON, J., delivered the opinion of the court.

This is an action of debt on a single bill. The plaintiff
declared on the bond, taking no notice of an indorsement

thereon in the words and figures following: "March 27th, 1875. By amount paid for me to the Lucketts, in purchase of farm, five hundred dollars; by B. P. Noland's due-bill of this date for five hundred dollars; and it is agreed that no more of this note shall be demanded of the said Noland until the marble quarry is in successful operation and he receives therefrom enough to pay the balance of this note, or he can sell his stock for enough to pay said note, as per receipt given him. B. F. CARTER." The defendant pleaded payment and several special pleas. On the call of the case for trial, however, he, by leave of the court, withdrew his pleas, craved oyer of the bond and the indorsement thereon, and demurred to the declaration. The court sustained the demurrer, and gave judgment thereon for the defendant, and it is this action of the court that we are now called upon to review.

The ground of demurrer, as appears from the briefs of counsel, was that the indorsement on the bond entered into and became an integral part of the original instrument, making it a new and different bond from what it was at first, and that the bond, therefore, as it appeared on oyer, varied materially from that described in the declaration. The question we have to determine, therefore, is whether the bond and indorsement have become so far incorporated and merged into each other as to form an entire and indissoluble agreement, which must be fully set out in any action that may properly be founded thereon; for I entirely concur in the view of the plaintiff that, to make a subsequent agreement, respecting a bond, a part of the bond, so as to necessitate its recognition as such in declaring on the bond, it must be so engrafted upon the bond that the original stock and the matter engrafted shall together constitute inseparable parts of an entire instrument; and I do not think this ought ever to be regarded as having been accomplished if the indorsement can be regarded as a distinct and separate promise, covenant, or condition that may be pleaded in defense of the action, or made the ground of a separate

action. Now, does this indorsement introduce into the bond a new term, which, with the body of the bond, constitutes an entire agreement, or is it merely an engagement on the part of the obligee to postpone or defer the exercise of a right already accrued, viz: the right to collect what remained due on the bond until the obligor shall have been enabled from the proceeds of the quarry, or from the sale of his stock, to pay it? Admitting, for the sake of the argument merely, that these writings, taken together, do make, as the defendant contends, a new and distinct agreement, yet it must be manifest that the effect of the indorsement has not been, as the defendant supposes, to change or alter the period for the maturity of the bond; for the bond is a bond payable on demand, and the case of *Payne* v. *Britton*, 6 Rand., 104, is a distinct authority to show, if any was needed, that such a bond is due and payable from its date; and in this case the bond not only antedated the indorsement by nearly five years, but had absolutely been partly collected, when the indorsement was made. So it appears that the effort in this case is not to graft upon the *original obligation* a new term, but to graft it upon so much of the original obligation as remained at the time of the indorsement a promise not to sue.

Viewed in this aspect, this indorsement appears to us not to be part and parcel of an entire instrument, but merely a condition subsequent, to be set up as matter of defense, or as the foundation of an action by the defendant. In Gould's Pleadings, ch. 4, sec. 17, p. 176, it is said: " It is never necessary by the common law for the plaintiff in his declaration to state, or in any manner to take notice of, any condition subsequent annexed to the right which he asserts; for the office of such a condition is not to create the right on which the plaintiff founds his demand, but to *qualify* or *defeat* it. The condition, therefore, if performed or complied with, furnishes matter of defense which it is for the defendant to plead. Thus, in debt on a bond, it is not necessary for the plaintiff, in his declara-

tion, to state or count upon any other than the penal part of the instrument, leaving the condition to be pleaded by the defendant, if it affords him any defense, as it does if performed." And again (*Id.*, sec. 19): "It is a general rule that, in declaring upon a deed or other instrument consisting of several distinct parts, the plaintiff is required to state so much of the instrument as constitutes *prima facie* a complete right of action; and if any other part of the instrument furnishes the means of defeating the action, it is matter of defense, of which the defendant may, on his part, avail himself for that purpose." And it would appear—from the cases of *Hodges* v. *Smith*, Cro. Eliz., 623; *Trevett* v. *Aggas*, Willes, 109, note; *Deux* v. *Jefferies*, Cro. Eliz., 352; *Ayliff* v. *Scrimsheire*, 1 Show., 443; Carth., 63, 64—that the rule at common law was for the plaintiff to count upon the bond, and for the obligor in the bond, if the condition amounted to a defeasance or a covenant not to put the bond in force, at any time to plead the covenant to the action on the bond as a release or in bar; but if the covenant was not to put the bond in force for a limited time, the obligor was compelled to resort to an action on the covenant. The cases of *Shermer* v. *Beale*, 1 Wash., 15; *Gordon* v. *Frasier*, 2 Wash., 130; *Price* v. *Kyle*, 9 Gratt., 247; *Smith* v. *Spiller*, 10 Gratt., 323; and *Peyton* v. *Harman*, 22 Gratt., 643, are, however, quoted and relied upon as establishing a different doctrine and course of procedure in this state. But to this we cannot assent, for, without questioning the propriety of the decision in either of those cases, we yet think that the rule laid down in them has no application to a case like the one in hand. Those cases serve to show what should be the practice in analogous cases—that is, in cases where the bond and indorsement form a single instrument—but the principles announced in them ought not, in our judgment, to be extended to cases like the present, where the covenant amounts to no more than a mere promise to refrain from the exercise of a matured right for a limited time. We think it unnecessary to say more. In

our opinion, the circuit court erred in failing to overrule the defendant's demurrer, and for this cause the judgment must be reversed, and the case must be remanded for a trial to be had therein.

LACY J., dissented.

JUDGMENT REVERSED.