# Wytheville.

NOTTINGHAM & ANOTHER v. ACKISS.

June 13, 1907.

1. BILLS AND NOTES—*Collateral Agreement in Separate Paper—Construction—Assignment.*—Where, at the time a negotiable note is made, an agreement in writing is executed by the maker and the payee of the note, which is therein declared to be a part and parcel of the note, by which it is declared that the note is only to be payable on certain conditons, the two writings together constitute the contract between the parties, and if both of them are endorsed by the payee and delivered to a third person, he acquires thereby only such rights as the payee of the note had.

2. PLEADING—*Debt—Nil Debet—Scope.*—If an action of debt be brought on a negotiable note against the maker thereof, and the defense is that there was annexed to the note, as a part and parcel thereof, an agreement in writing, stipulating that the note should only be payable on certain conditions, which had not been fulfilled, the defense may be made under the plea of *nil debet.* No special plea is necessary.

3. APPEAL AND ERROR—*Objections not made until after Verdict—Reversal on other Grounds.*—Whether or not detaching a negotiable note from an agreement annexed to it, and qualifying its terms, and bringing suit on the note alone, is such an alteration as avoids the contract, ought not now to be considered by this court in this case, as it appears·that the question was not raised in the trial court until after verdict against the makers, and the case is reversed and remanded for a new trial on other grounds.

Error to a judgment of the Law and Equity Court of the city of Norfolk in an action of debt. Judgment for the plaintiff. Defendants assign error.

*Reversed.*

The opinion states the case.

*Burroughs & Bro.,* for the plaintiff in error.

*Wm. McK. Woodhouse,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the Court.

On the 2nd day of July, 1905, the plaintiff in error and O. E. D. Barron made their promissory note, payable to the assignor of the defendant in error, of which the following is a copy:

"Norfolk, Va., July 2nd, 1905.

"790.00,

"On demand, We promise to pay to the order of Charles F. Hodgman negotiable and payable, without offset, at Seaboard Bank, Incorporated, of Norfolk, Virginia, Seven hundred and ninety . . . . Dollars, for value received, with costs of collection or any attorney's fees, if incurred, in case payment shall not be made at maturity; and we, the maker or makers, endorser or endorsers, hereby waive the benefit of our Homestead Exemption as to this debt.

> F. E. NOTTINGHAM and
> JAMES T. NOTTINGHAM,
> O. E. D. BARRON."

At the same time the parties to the note entered into the following agreement:

"This agreement, made and entered into, in duplicate, this 2nd day of July, in the year 1905, between Charles F. Hodgman, party of the first part, and F. E. Nottingham, James T. Nottingham and O. E. D. Barron, parties of the second part.

"Whereas, the said party of the first part has, by deed of even date herewith, sold and conveyed unto the parties of the second part thirteen lots of land, set out and described in said deed, for the price of $1,190, of which $400 has been paid in

cash, and the balance of said purchase price to-wit: $790, is evidenced by the attached note.

"And whereas, it has been agreed by and between the said parties that the said sum of $790 is to be paid to the said party of the first part out of the proceeds of the sale of the said thirteen lots of land as the same may be sold by the said parties of the second part.

"Now, therefore, this contract, which is executed as a part and parcel of the said attached note for $790, witnesseth, that the said party of the first part agrees that he will not demand payment of said note for $790, and hereto attached, except and until sale may be made of said thirteen lots of land, or any part thereof, but shall only demand payment of such and all sums as may be realized upon a sale of said lots of land, in whole or in part, as the same may be sold.

"The said parties of the second part agree to pay to said party of the first part all and any sums of money which may arise out of the sale of said lots, in whole or in part as the same may be sold, and further agrees to use all due diligence in effecting sale thereof.

"Witness the following signatures and seals.

"C. F. HODGMAN. (Seal.)
"F. E. NOTTINGHAM. (Seal.)
"JAMES T. NOTTINGHAM. (Seal.)
"O. E. D. BARRON. (Seal.)"

"Witness:

"WM. McK. WOODHOUSE."

The payee in the note endorsed and delivered these writings to the defendant in error, who instituted the action of debt on the note alone, no reference being made in the declaration to the agreement. The plaintiffs in error pleaded the general issue and tendered three special pleas, the first and third of which were rejected.

Upon the trial of the cause, the defendant in error offered in evidence the note without the agreement and rested. The plaintiffs in error introduced the agreement in evidence. Upon these writings and the other evidence before the jury there was a verdict and judgment in favor of the defendant in error for the amount of the note sued on. To that judgment this writ of error was awarded.

Numerous errors are assigned, but in the view we take of the case it will be unnecessary to deal with them specifically. The decision of the case turns upon the effect of the agreement of July 2, 1905, upon the note sued on.

It is well settled by the decisions of this court that a writing endorsed on a bond at the time of its execution, operating in favor of the obligor and signed by the obligee, is to be considered as part of the condition of the bond. *Peyton* v. *Harman,* 22 Gratt. 643, 645; *Smith* v. *Spiller,* 10 Gratt. 318; *Price* v. *Kyle,* 9 Gratt. 247; *Shermer* v. *Beale,* 1 Wash. 11, 14; *Gordon* v. *Frazier,* 2 Wash. 130.

The case of *Carter* v. *Noland,* 86 Va. 568, 10 S. E. 605, 6 L. R. A. 693, in which it was held that to make a *subsequent agreement* respecting a bond a part thereof, it must be so engrafted upon the bond that the original and engrafted matter shall constitute inseparable parts of an entire instrument, does not question the correctness of the decisions of this court cited above, but only that the principles announced by them ought not to be extended to a case where the endorsement on the bond amounted to no more than a mere promise to refrain from the exercise of a *matured right* for a limited time.

The note sued on and the agreement to which it was attached were made at the same time, and the latter in terms expressly declares that it was executed as part and parcel of the note. It is clear, therefore, that the two writings together constitute the contract between the original parties to them, and that the defendant in error only acquired such rights by their endorse-

ment and delivery to him as the payee in the note had. The declaration set out a contract to pay money on demand and absolutely when it was only payable on certain conditions. To put that question in issue a special plea was not necessary—the general issue (*nil debet*) did that, and upon it there should have been a verdict for the defendants. *Newell* v. *Maybury,* 3 Leigh 250, 253, 23 Am. Dec. 261; *Smith* v. *Spiller,* 10 Gratt. 318, 322. The verdict of the jury in favor of the plaintiff should, therefore, have been set aside and a new trial awarded, upon the motion of the defendant.

Whether or not detaching the note from the said agreement and bringing suit upon the note alone was such an alteration of the contract, within the meaning of our decisions or sec. 2841a, Art. VIII. of the Code (1904) as would avoid the contract ought not to be considered by this court at this time. That question was not raised in the trial court until after verdict, upon motion for a new trial and in arrest of judgment, when the plaintiff had no opportunity to explain the circumstances under which the alleged alteration was made.

It is unnecessary, and might be improper, to consider any of the other assignments of error, as upon the next trial the issues and proof may, and most probably will be different.

The judgment complained of must be reversed, the verdict set aside, and the cause remanded, with leave to the plaintiff, if he be so advised, to amend his declaration, and for a new trial.

*Reversed.*