# Richmond.

NOTTINGHAM AND OTHERS v. ACKISS, ASSIGNEE, AND OTHERS.

March 10, 1910.

Absent, Buchanan, J.

1. DEBT—*When Action of Lies.*—An action of debt will only lie for the recovery of a certain sum of money, due by a certain and express agreement.

2. DECLARATION—*Contingent Liability—Necessary Averments.*—In an action on a contract to pay money when certain designated lots are sold and the purchase money therefor realized, it is necessary to allege in the declaration and to prove not only that the lots have been sold and conveyed, but when the sale and conveyance was made, and that the purchase money therefor has been realized, and when.

3. APPEAL AND ERROR—*Reversal—Leave to Amend Declaration—Effect of Amendment—Case at Bar.*—Where the judgment in an action at law has been reversed by this court and cause remanded, with liberty to the plaintiff to amend his declaration, and he has amended it, it will be presumed that he made, in his amended declaration, the strongest presentation of his case that the facts would permit, and, on a second writ of error calling in question the sufficiency of the declaration as amended, if it is not sufficient this court will render such judgment as the trial court ought to have rendered sustaining the demurrer to the declaration, and will enter up final judgment for the defendant. But under the facts of the case at bar, this judgment will be without prejudice to the right of the plaintiff to file a bill for the specific performance of the contract in suit, or to rescind the same and have the title to the lots mentioned in the contract, or such of them as remain unsold conveyed to him.

Error to a judgment of the Law and Chancery Court of the city of Norfolk. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Burroughs & Bro.,* for the plaintiffs in error.

*Wm. McK. Woodhouse,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

As the record of this case appeared when before this court on a former occasion (107 Va. 63, 57 S. E. 592), defendant in error, as the assignee of one C. F. Hodgman, brought his action of debt on a negotiable note for $790, payable, as appeared on its face, on demand and past due, without making any reference whatever in his declaration to a written agreement introduced in evidence at the trial, made and signed by the parties to the transaction at the same time the note was executed by the drawers, the agreement being made a part and parcel of the note, to which it was attached, and set forth that the payee of the note would not demand the payment of the note except and until sale was made of thirteen certain lots of land, or some part or parts thereof, but would "only demand payment of such and all sums as may be realized upon a sale of said lots of land, in whole or in part, as the same may be sold." The note sued on, and the agreement attached thereto, are set out in the opinion of this court at the former hearing of the case and need not be repeated here.

This court then held that the note and the agreement attached thereto, made at the same time, and the latter in terms expressly declaring that it was executed as part and parcel of the note, constituted the contract between the original parties to them, and that they showed upon their face that the contract was not to pay money on demand, but only on certain conditions; and that the defendant in error only acquired such rights by their endorsement and delivery to him as the payee of the note had; therefore, the judgment of the trial court for the full amount

of the note, $790, with interest from the date of the note, was reversed, the verdict of the jury set aside, and the cause remanded, with leave to defendant in error, if he should be so advised, to amend his declaration and have a new trial.

When the case went back the declaration was amended, and contains two counts. The first count sets out the note and the agreement as a part of it, and alleges "that the defendants have made sale of and conveyed all and every part of the said lots of land set out and described in said agreement and contract, whereby and whereupon the said writing obligatory or note became and was due and payable." The second count is a count in *assumpsit,* claiming damages by reason of the failure of plaintiffs in error to exercise due diligence in making sale of the lots of land.

There was a demurrer to this amended declaration and to each count thereof, which was sustained as to the second count, but overruled as to the first; and the overruling of the demurrer as to the first count constitutes plaintiffs in error's first assignment of error.

The proposition is too elementary to need citation of authority for its support, that the action of debt will only lie for the recovery of a certain sum of money, due by a certain and express agreement. But if it could be conceded (which it is not) that this rule could be so relaxed, as counsel for defendant in error argues it should be in this case, that what is claimed depended on a contingency and that contingency having happened, the action of debt will lie to recover the sum of money thus becoming due, still the question remains whether or not the first count of this declaration sets out a cause of action entitling defendant in error to a recovery of the amount of the debt sued for, or any part thereof.

That the note and contract were not for a sum certain, but for an uncertain sum, payable at an uncertain time, and then not only conditioned on a sale of all or a part of the lots of land being made, but upon the purchase money therefor being re-

alized, are propositions that were settled by the former decision in the case, *supra.* The amended declaration alleges the sale and conveyance of all of the lots, but does not allege when such sale or sales, conveyance or conveyances, were made, nor that the purchase money therefor had been, either in whole or in part, realized. As the right to recover on the contract was conditional—that is, when the whole of the lots or some part or parts thereof were sold, and then only could payment of the note or any part thereof be demanded as the lots were sold and *the purchase money realized therefor*—it was essential to defendant in error's right to recover in this action that he allege in his declaration, not only that the lots had been sold and conveyed, but when the sale and conveyance thereof or any of them were made, and that the purchase money therefor had been realized and when. He, however, did not allege the date when he had the right to demand payment of or on account of the note, nor the date from which the amount he had the right to demand would bear interest; and without these allegations appearing in his declaration he has failed to set out a good cause of action against plaintiffs in error upon the contract, which expressly provided, as we have observed, that demand on the note could only be made for the sum or sums realized upon a sale of the lots of land, in whole or in part, as the same might be sold and the purchase money therefore realized.

We are of opinion that the lower court erred in not sustaining the demurrer to the first count of the amended declaration, as well as to the second; and in view of the fact that the defendant in error filed an amended declaration, in which he re-stated his cause of action in the light of the opinion of this court when the case was before it, as above stated, and which opinion clearly set forth that the right of recovery on the note was conditional only, and with equal clearness and precision indicated that no cause of action on the note and agreement, which evidenced the contract between the parties thereto, could be maintained unless the conditions upon which payment on the

contract could be demanded had been fulfilled, it is to be presumed that defendant in error has made in his amended declaration the strongest presentation of his case which the facts permit, and that it could not be bettered if leave were given to again amend; therefore, this court will render the judgment which the trial court ought to have rendered, sustaining the demurrer to the declaration, and enter a final judgment for plaintiffs in error; but this disposition of the case is to be without prejudice to the right of defendant in error to institute such other proceedings as he may be advised, either to have specific performance of the contract he holds with plaintiffs in error concerning the lots of land in question, or to rescind the same and have the title to said lots, or such of them as remain unsold, conveyed to him.

*Reversed.*